IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL NO. G-15-MJ-18 (1) |
| § | |
| CHARLES DEVAN FULTON, SR. § | |

## ORDER OF DETENTION

On May 12, 2015, this Court conducted a combined Preliminary and Detention Hearing in the above-styled and numbered cause; the Government moved for the detention of the Defendant, **Charles Devan Fultan, Sr.**. The Government offered the testimony of F.B.I Agent Richard Rennison; **Fulton** proffered the testimony of a friend willing to serve as a third-party custodian. The Court also made the Pretrial Services report, which recommended detention, a part of the record. Having now considered all of the evidence the Court issues the following findings of facts and conclusions of law.

The Court **FINDS** that there is probable cause to believe that **Fulton** was substantially involved in a conspiracy to commit sex trafficking of juvenile girls through prostitution in violation of 18 U.S.C. §§1591 and 1594(c).

The Court further **FINDS**, in accordance with the Bail Reform Act, 18 U.S.C. §3142(f), that the following facts are established by clear and convincing evidence and require the detention of the **Charles Devan Fulton, Sr.** pending trial in this case:

1. That by virtue of the probable cause finding a rebuttable presumption was created in favor of **Fulton's** detention, 18 U.S.C. § 3142(e)(3)(E);

2. that the strength of the Government's case against **Fulton** is substantial given the minor victims' statements that **Fulton** was the ring leader of the prostitution conspiracy; that **Fulton** was a well-known drug dealer and gang member in Galveston; that **Fulton**'s co-conspirators, at his direction, posted advertisements for the minor female prostitutes, rented hotel rooms and drove the minors to and from those hotels for their sexual encounters; and that **Fulton**, after learning of the existence of an arrest warrant evaded arrest for more than one week's time;

3. that prior to his arrest on this charge **Fulton**, only a 38 year old man, had amassed an extensive criminal past including 8 felony convictions (5 involving drugs) and 8 misdemeanor convictions (2 involving drugs); had been sentenced to prison on 3 occasions; has 4 state court drug offenses presently pending against him for which he had been released on bond; and had 17 criminal cases dismissed because he had been sentenced to prison;

4. that **Fulton**'s proffer did not rebut the presumption created by 18 U.S.C. §3142(e)(3)(E);

5. that by virtue of the foregoing findings **Fulton** would constitute a danger to the community if released; and

6. that the credible evidence and information submitted establishes by clear and convincing evidence that there is no condition or combination of conditions which could be imposed upon **Fulton** by this Court to reasonably assure his appearance as required and the safety of any other person and the community if he were released.

It is, therefore, **ORDERED** that **Charles Devan Fulton, Sr.** be, and he is hereby, **COMMITTED** to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is further **ORDERED** that **Charles Devan Fulton, Sr. SHALL** be afforded a reasonable opportunity for private consultation with defense counsel.

It is further **ORDERED** that upon Order of a Court of the United States or upon request of an attorney for the Government, the person in charge of the corrections facility **SHALL** deliver **Charles Devan Fulton, Sr.** to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

**DONE** at Galveston, Texas this ____14th____ day of May, 2015.

_____<br>
John R. Froeschner<br>
United States Magistrate Judge