United States District Court
Southern District of Texas
**ENTERED**
June 24, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 3:15-CR-7 |
| | § | |
| CHARLES DEVAN FULTON SR; aka | § | |
| BLACK; aka BLACC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND
## ORDER DENYING DEFENDANTS' MOTIONS TO SUPPRESS

Pending before the Court is Defendant Charles Devon Fulton, Sr. ("Fulton") Motion To Suppress The Fruits of the Warrantless Seizure of his Cellphone ("Motion")(Dkt. 104). The Motion has been fully briefed.[1] On June 7, 2016, the Court held a suppression hearing. The Court has carefully considered the evidence, Fulton's Motion, and briefing. Based on the record, review of the testimony, the evidence, and oral argument presented by counsel, the Court **DENIES** the Motion (Dkt. 104).

### BACKGROUND

Fulton was indicted for violating 18 U.S.C. § 1591 and 1594(c), sex trafficking of children by force, fraud, or coercion and the conspiracy to commit sex trafficking. *See* Dkt. 1, Criminal Complaint. An evidentiary hearing on Fulton's motion was held on June 7, 2016, during which the Government's witness Officer David Roark ("Officer Roark")

---

[1] The Government filed a Response (Dkt. 118), Fulton filed a Reply (Dkt. 124), and the Government filed a SurReply (Dkt. 131).

1

testified. The following facts are taken from his testimony, the exhibits entered into evidence, and the Parties' briefing.

Fulton, a resident of Galveston, was the subject of many investigations involving the illegal distribution of narcotics in late 2014 and early 2015, prior to law enforcements' formal investigation into sex trafficking. On February 6, 2015, Judge Kerry Neves of the 10th District Court, Galveston County, signed a search and arrest warrant for Fulton and his residence, which was presented by Officer Roark of the City of Galveston Police Department ("GPD"). The warrant sought evidence of illegal narcotics activity and Fulton's arrest. *See* Dkt. 118, Government's Exhibit 1. The warrant, authorized by a Texas State judge, was specifically for the search of the residence and for the arrest of Fulton and any other person found there in possession of illegal narcotics. *See id.* Two state search warrants were executed at Fulton's residence. One state search warrant was executed on September 12, 2014, and the other was executed on February 9, 2015. Cellular phones were seized during the execution of both warrants.

After Fulton was arrested, and his cell phone seized incident to that arrest, Officer Roark sought a state search warrant specifically for the contents of the cell phone itself. *See* Dkt. 118, Government's Exhibit 2. That warrant was presented to District Court Judge Ellisor of the 122nd District Court, Galveston County, on February 18, 2015. *See id.* When GPD personnel attempted to search the phone pursuant to that warrant, they were unsuccessful because it was password protected. Next, the GPD sought the assistance of FBI agents assigned to Texas City.

The investigation into Fulton's participation in the sex trafficking of minors began on February 25, 2015. Suspicious that the phone contained evidence of sex trafficking of minors, FBI Special Agent Rennison ("SA Rennison") sought a federal search warrant instead of searching the device pursuant to the prior state warrant. *See* Dkt. 118, Government's Exhibit 3. In the course of his investigation into the sex trafficking of minors, SA Richard Rennison learned that Fulton used his phone to communicate with his co-conspirators, the victims, and possibly individuals seeking to engage in commercial sex. Prior to seeking the federal search warrant authorizing the search of Fulton's phone, SA Rennison reviewed the police report wherein co-defendant Potts told law enforcement that Fulton was prostituting minor females. On March 25, 2015, SA Rennison applied for a federal search warrant for Fulton's phone. That search warrant was granted by U.S. Magistrate Judge Mary Milloy. *See* Dkt. 118, Government's Exhibit 3. The FBI obtained the warrant to search the contents of Fulton's cell phone for evidence of sex trafficking. The cell phone at issue here was seized incident to Fulton's arrest during the execution of the February 9, 2015 search.

Because the phone was password protected, it took approximately one year for the government to gain entry into the device. When the phone could be searched, it was analyzed. The results of that analysis have been made available to Fulton and the co-defendants. The Government seeks to use as evidence the text messages retrieved from the cell phone at trial. Fulton now moves to suppress the evidence from his cell phone under the Fourth Amendment.

## DEFENDANT'S MOTION TO SUPPRESS

Fulton now moves to suppress all evidence obtained from his cell phone, arguing that it was seized in violation of the Fourth Amendment to the United States Constitution and was not authorized by warrant. Specifically, Fulton argues that (1) the phone was not in the scope of the drug warrant because the warrant did not authorize GPD to seize phones, communications, or even electronic devices; (2) neither the seized-incident-to-arrest exception nor (3) the plain-view exception applies because GPD did not have probable cause to believe the phone was used in the commission of a crime; (4) even if the phone was seized legally, GPD waited an unreasonable period of time to obtain a warrant; and (5) the good faith exception does not apply under the facts of this case.

## ANALYSIS

The Fourth Amendment of the Constitution protects individuals from "unreasonable searches and seizures" by the government. *See* U.S. CONST. AMEND. IV. Searches and seizures are reasonable, and therefore lawful, if they are based on probable cause and executed pursuant to a warrant issued by a neutral, detached magistrate. *Id.*; *see also Coolidge v. New Hampshire*, 403 U.S. 443, 449 (1971). Even warrantless searches and seizures may be lawful if they meet an exception to the warrant requirement. *See Coolidge v. New Hampshire*, 403 U.S. at 453. The Government must demonstrate only by a preponderance of the evidence that the challenged evidence was lawfully obtained in order to prevail on a motion to suppress. *See United States v. Waldrip*, 1 F. Supp. 3d 551, 555-56 (S.D. Tex. 2014) (Galveston Division, Costa, J.) (citing *United States v. Matlock*, 415 U.S. 164, 178 n.14 (1974) ("[T]he controlling

4

burden of proof at suppression hearings should impose no greater burden than proof by a preponderance of the evidence.").

As explained below, the Court finds the Fulton's phone was both seized pursuant to a lawful arrest warrant and later searched pursuant to valid warrants issued by neutral, detached magistrates. Additionally, the Court finds even without the valid warrants, the seizure and subsequent search of Fulton's phone would clearly fall under exceptions to the warrant requirement and exceptions to the exclusionary rule. Accordingly, the Court finds that the evidence from Fulton's phone should be admitted and the exclusionary remedy should not be applied.

### A. Fulton's Phone Was Lawfully Seized Incident to Arrest, and A Valid Warrant Authorized the Subsequent Search of its Contents

Even if Fulton's phone was not seized based upon the executed search warrant, the Court finds it was still lawfully "seized" incident to Fulton's arrest. Fulton argues that the search and seizure of his cell phone was improper because the warrant did not particularly describe it as one of the items to be seized. Specifically, Fulton argues that the State warrant did not authorize the GPD to seize his cell phone or any other electronic device. *See* Dkt. 104, p. 4. The Government argues that the Fulton's cell phone was seized incident to arrest. *See* Dkt. 118. p. 4; Dkt. 131, p. 5-6. The narcotics warrant precisely authorized GPD to arrest Fulton. *See* Dkt. 118, Government's Exhibit 1. Evidence seized without a warrant is presumptively inadmissible under the Fourth Amendment to the United States Constitution and *Wong Sun v. United States*, 371 U.S. 471 (1963). The Supreme Court has held that seizures incident to arrest may include the

person of the arrestee as well as the area within the arrestee's "immediate control." *See Chimel v. California*, 395 U.S. 752, 755-56, 763 89 S. Ct. 2034, 2036, 23 L. Ed. 2d 685 (1969). *See also United States v. Robinson*, 414 U.S. 218, 236 (1973)(arresting officers automatically have the right to search the arrestee and the area within the arrestee's immediate control in every arrest, even if weapons or destruction of evidence are not specific concerns).

Here, the seizure of Fulton's cell phone during his arrest fell squarely within the exception articulated in *Chimel* and *Robinson* as a seizure incident to arrest. Fulton also argues that the seizure of his phone was not incident to his arrest because the phone was not on his person or within the area of his immediate control when it was seized. *See* Dkt. 124, p. 4-5. Based on the testimony given at the suppression hearing and the incident report, the Court finds that Fulton's cell phone was within the area of his immediate control—a few feet away, in the same room of the house in which he was arrested. *See* Dkt. 123, Fulton's Exhibit 1, Incident Report; *see also United States v. Curtis*, 635 F.3d 704, 711 (5th Cir. 2011)(cell phone was lawfully seized incident to arrest when the defendant was outside of his car and the phone was on the inside center console). *See also United States v. Jadlowe*, 628 F.3d 1, 12-13 (1st Cir. 2010).

The Court finds that the phone was seized incident to arrest, and after it was seized, two separate warrants were obtained to search the contents of the phone (one for evidence of narcotics and one for the evidence of sex trafficking of minors). "[A] warrant is generally required before [searching the contents of a cell phone], even when a cell phone is seized incident to arrest." *See Riley v. California*, 134 S. Ct. 2473, 2493, 189 L.

6

Ed. 2d 430 (2014). The Court finds that the factual record establishes that the extraction of data from Fulton's cell phone was conducted pursuant and subsequent to a valid search warrant being issued. Further, the Court finds that law enforcement had to take Fulton's cell phone into custody incident to Fulton's arrest because Fulton told the arresting law enforcement officers that the phone was his, but that the house where he was arrested was not his. *See* Dkt. 131, Government Exhibit 4, FILE002 at 15:00-15:04, 16:22- 16:46.

Accordingly, the Court concludes that the seizure of Fulton's cell phone was reasonable and the search of its content was lawful. Neither the search nor the seizure constituted a violation of Fulton's Fourth Amendment rights and the evidence obtained is not entitled to suppression.

### B. The Plain View Exception and the *Leon* Good Faith Exception

The Government has also advanced alternative theories that Fulton's cell phone was seized in plain view and that the "good faith exception" should save the evidence from exclusion at trial, in the event that a Fourth Amendment violation is found by the Court. *See* Dkt. 118. p. 6-10; Dkt. 131, p. 7-9. The Court, however, declines to extend that analysis because it finds that the seizure incident to arrest is a valid exception to the general warrant requirement.

### C. Police Obtained a Warrant Within a Reasonable Time

Finally, Fulton contends that even if the police lawfully seized his phone, they waited an unreasonably long time to obtain a warrant to search it. *See* Dkt. 124, p. 6-8. Warrantless seizures must comply with the reasonableness requirement of the Fourth Amendment. *See Segura v. United States*, 468 U.S. 796, 812 (1984). Here, law

enforcement seized Fulton's cell phone for eight days until obtaining the warrant. The Court finds that there is no evidence of bad faith, nor evidence that the officers purposely delayed obtaining the warrant. Additionally, there is no evidence of unjustified neglect.

## CONCLUSION

For the reasons set forth above, Defendant Charles Devon Fulton, Sr. Motion to Suppress the Fruits of the Warrantless Seizure of his Cellphone (Dkt. 104) is **DENIED**.

**IT IS SO ORDERED.**

SIGNED AT GALVESTON, TEXAS, on June 23, 2016.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE